UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARLOS SMITH PITTERSON,

    Petitioner,

-v-

UNITED STATES OF AMERICA,

    Respondent.

---

22-cv-6456

ORDER

On January 6, 2023, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation in the above-captioned matter recommending denial of the petition filed by Carlos Smith Pitterson, pro se, pursuant to 28 U.S.C. § 2255. On January 22, 2023, Pitterson filed timely objections, in which he continued to insist that he received ineffective assistance of counsel because his attorney did not pursue an affirmative defense of duress at trial. The same day, he filed an amended petition raising the same argument, as well as additional points about sentencing and jurisdiction. Pitterson then filed, on September 11, 2023, a second follow-up petition challenging the Court's subject matter jurisdiction over his original criminal case.

On September 19, 2023, the Court overruled Pitterson's objections, adopted the Report and Recommendation, and denied the follow-up petitions as meritless. See ECF No. 19. Pitterson timely moved for reconsideration of that order on October 2, 2023, see ECF No. 21, and filed a notice of appeal two days later, see ECF No. 22. Ordinarily, "[t]he filing of a notice of appeal . . . confers

jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). But a timely motion for reconsideration "suspends the finality of the original judgment for purposes of an appeal." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020).[1] "Only the disposition of that motion restores the finality of the original judgment, thus starting the 30-day appeal clock." Id. Because "there [was] no longer a final judgment to appeal from" when Pitterson filed the notice of appeal, that notice was premature. Id. The Court thus retains jurisdiction over the case and hereby denies the motion for reconsideration.

Pitterson's motion for reconsideration attempts to resurrect his challenges to his sentencing and to the Court's subject matter jurisdiction over his original criminal case. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[A] motion to reconsider should not be granted where the

---

[1] Here and elsewhere, alterations and quotation marks are omitted unless otherwise indicated.

moving party seeks solely to relitigate an issue already decided." Id.

Pitterson fails to identify any "controlling decisions or data that the [C]ourt overlooked." Id. Rather, Pitterson argues that the Court did not sufficiently explain its rejection of his sentencing challenge. See ECF No. 21, at 2. However, the Court reviewed de novo and adopted the magistrate judge's Report and Recommendation, which explains why that challenge "is meritless." See ECF No. 14, at 9-10; ECF No. 19. None of Pitterson's objections or attempts to amend his petition showed a factual or legal error in the Report and Recommendation's analysis of that point. The Court also properly rejected Pitterson's purported jurisdictional challenge. Pitterson's argument on that score – that "[t]he government has failed to satisfy the necessary elements of a conspiracy" -- is an untimely attempt to challenge the merits of his conviction, ECF No. 18, at 5, not a jurisdictional concern.

The Court thus denies the motion for reconsideration. Should Pitterson wish to appeal the denial of his § 2255 motion, he must now file a notice of appeal that is timely from the date of this Order. See Banister, 140 S. Ct. at 1703; Fed. R. App. P. 4(a)(4)(A)(iv). The Court certifies that any appeal from this Order would not be taken in good faith, as Pitterson's claims lack any arguable basis in law or fact, and therefore permission to proceed in forma pauperis is also denied. See 28 U.S.C. § 1915(a)(3); Neitzke

v. Williams, 490 U.S. 319, 325 (1989). The Clerk is respectfully directed to close documents 21 and 23 on the docket of this case, which shall remain closed.

    SO ORDERED.

                                                            _____
                                                            JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
      October 11, 2023