```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| CARLOS SMITH PITTERSON,<br><br>      Petitioner,<br><br>  -v-<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 22-cv-6456<br><br>ORDER |

      On January 6, 2023, Magistrate Judge Stewart D. Aaron issued a Report and Recommendation in the above-captioned matter recommending denial of the petition filed by Carlos Smith Pitterson, pro se, pursuant to 28 U.S.C. § 2255. On January 22, 2023, Pitterson filed timely objections, in which he continued to insist that he received ineffective assistance of counsel because his attorney did not pursue an affirmative defense of duress at trial. The same day, he filed an amended petition raising the same argument, as well as additional points about sentencing and jurisdiction. Pitterson then filed, on September 11, 2023, a second follow-up petition challenging the Court's subject matter jurisdiction over his original criminal case.

      On September 19, 2023, the Court overruled Pitterson's objections, adopted the Report and Recommendation, and denied the follow-up petitions as meritless. See ECF No. 19. Pitterson timely moved for reconsideration of that order on October 2, 2023. See ECF No. 21. On October 11, 2023, the Court denied the motion because it sought "solely to relitigate an issue already decided," presenting

no "controlling decisions or data that the [C]ourt overlooked." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see ECF No. 24.[1]

Pitterson filed a timely notice of appeal of that order on October 27, 2023, see ECF No. 25, followed by, on November 7, 2023, a timely motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect," see ECF No. 26. Pitterson's second motion for reconsideration likewise raises no meritorious arguments that show any such mistake in the Court's prior orders. The Court thus denies the motion. See Toliver v. Cnty. of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (explaining that a district court has jurisdiction to deny a Rule 60(b) motion that was filed after a notice of appeal). The Court certifies that any appeal from this Order would not be taken in good faith, as Pitterson's claims lack any arguable basis in law or fact, and therefore permission to proceed in forma pauperis

---

[1] Pitterson also filed a notice of appeal two days after moving for reconsideration. See ECF No. 22. Ordinarily, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). But a timely motion for reconsideration "suspends the finality of the original judgment for purposes of an appeal." Banister v. Davis, 140 S. Ct. 1698, 1703 (2020) (internal quotation marks omitted here and elsewhere). Because "there [was] no longer a final judgment to appeal from" when Pitterson filed the notice of appeal, that notice was premature and had no effect over the Court's jurisdiction to decide the motion for reconsideration. Id.

is also denied. See 28 U.S.C. § 1915(a)(3); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Clerk is respectfully directed to close document 26 on the docket of this case, which shall remain closed.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       November 30, 2023